Matter of Bastone (2019 NY Slip Op 01209)





Matter of Bastone


2019 NY Slip Op 01209


Decided on February 20, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-05574

[*1]In the Matter of Christine Bastone, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Christine Bastone, respondent. (Attorney Registration No. 2529642)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 16, 1990.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On June 7, 2018, the Grievance Committee for the Tenth Judicial District commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8(a) against the respondent by filing a notice of petition and verified petition dated April 25, 2018, and personally serving the same on the respondent on May 30, 2018. The verified petition contains four charges of professional misconduct alleging neglect of a legal matter entrusted to her, a failure to keep her clients informed of the status of their legal matter, and a failure to cooperate with the Grievance Committee's investigation of a complaint filed against her. The notice of petition required the respondent to file an original answer to the verified petition with the Court within 20 days of her receipt thereof, and serve a copy of the same with the Committee. To date, the respondent has neither served an answer to the petition, nor has she requested additional time in which to do so.
The Grievance Committee now moves to deem the charges against the respondent established based upon her default for her failure to answer the petition within the time frame specified by the notice of petition and to impose such discipline upon her as this Court deems appropriate. On July 20, 2018, the Grievance Committee served, by first class mail, a copy of a notice for discipline on default on the respondent. To date, the respondent has neither submitted a response to the motion, nor has she requested additional time in which to do so.
Accordingly, the Grievance Committee's motion is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred upon her default, and her name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the Grievance Committee's motion is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Christine Bastone, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Christine Bastone, shall comply with the rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Christine Bastone, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Christine Bastone, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court